PENNSYLVANIA R. CO. v. KIRK.

(Circuit Court of Appeals, Third Circuit.   February 15, 1909.)

No. 45.

MASTER AND SERVANT (§ 286*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—
DEFECTIVE RAILROAD CAR—FAILURE TO INSPECT.
  The question whether the failure of a brake to work on a car being moved in railroad yards, by reason of which an employé was killed without negligence on his part, was chargeable to negligence of the railroad company in failing to inspect the same, *held* properly submitted to the jury under the evidence in an action to recover for the employé's death.
  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1020; Dec. Dig. § 286.*
  Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

In Error to the Circuit Court of the United States for the District of New Jersey.

Joseph H. Gaskill and Thomas L. Gaskill, for plaintiff in error.

John W. Wescott and Francis D. Weaver, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and ARCHBALD, District Judge.

BUFFINGTON, Circuit Judge. In the court below, John W. Kirk, administrator of Estell N. Kirk, recovered a judgment against the Pennsylvania Railroad Company, to review which the latter sued out this writ. The suit was brought, under a statute of New Jersey, to recover damages for decedent's death through the negligence of the railroad. The decedent, while working as an air-brake repairer for the railroad, was caught between the bumpers of two cars standing on a yard switch. He sustained fatal injuries. The accident was caused by a shifted car backing violently against two standing cars decedent was working between. Kirk had protected himself by a blue flag, which was the proper notice to show he was under or about the cars. The brakeman on the colliding car saw the flag, and had no intention to run as far as the protected cars, but the brake failed to work and stop the car in time. The alleged negligence was a defective brake and failure to inspect. The case turns on whether there was sufficient evidence to go to the jury.

After an examination of the testimony, we are of opinion it would have been error for the court to give binding instructions for the defendant. The striking car was one of another line, which was being shifted in a drilling yard where trains were made up. There was no

evidence to show any inspection of this car by the defendant after it came on its lines, and, while there was evidence it was inspected and found in perfect condition after the accident, there was evidence by the brakeman that he had tried the brake twelve times; that he put all his strength upon it, and it would not work. Now, while it is true there was testimony that a brake apparently perfect would at times fail to work, there was also evidence that the failure to work was often due to a slackness of the brake chain, which a proper inspection would have detected and corrected. In view of the absence of any prior inspection whatever by the defendant company, and of the slackness which such an inspection would remove, we cannot say, as matter of law, there was no proof before the jury from which defendant's lack of care could be found. That the decedent was without fault, and that he was killed by reason of the failure of the brake to work, are unquestioned facts, and whether the failure of the brake to work resulted from defendant's noninspection was, we think, an inference to be determined by the jury, and not stated by the court as a conclusion of law.

The judgment will be affirmed.